# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FONTAINE L. BAKER, SR.,<br><br>                Plaintiff,<br>v.<br><br>JON E. LITSCHER, WARDEN PAUL KEMPER, MS. VASQUEZ, MS. FRIAIZER, DR. HAGEN, DR. NACKER, DR. BASS, NURSE PAM, MR. GROW, MR. TRAVIS, MR. BISHOP, MS. DICKES, and JOHN DOES 1 - 5,<br><br>                Defendants. | Case No. 17-CV-1275-JPS<br><br>**ORDER** |

      Plaintiff Fontaine L. Baker, Sr., a prisoner representing himself, filed a complaint in the above-captioned action. (Docket #1). Plaintiff has also filed a motion to pay the full filing fee from his release account. (Docket #2). The total cost of filing a civil action is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. However, the $50.00 administrative fee does not apply to persons granted leave to proceed without prepayment of the filing fee. Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff proceeding without prepayment of the filing fee is required to pay the statutory filing fee of $350.00 for any civil action. See 28 U.S.C. § 1915(b)(1).

      Under the PLRA, the Court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is

greater. *Id.* After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Plaintiff filed a copy of his trust account statement showing the balance of his regular account and his release account for a period ending in September 2017. (Docket #3). Plaintiff has not filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a)(2). Instead, Plaintiff seeks to pay the full filing fee from his release account. (Docket #2).

Plaintiff cannot use his release account funds in that manner. "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466). Given the purpose of the release account, federal courts do not deem it prudent to focus on that account as the source of funds to satisfy the filing fee payment requirements. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a

later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs. In light of the foregoing, the Court will deny Plaintiff's motion to use release account funds to pay the full amount of his filing fee.

Plaintiff must comply with the requirement that he submit a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint. He must supply that document on or before **November 6, 2017**, or this action will be dismissed without prejudice for his failure to prosecute it.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to pay the full filling fee with funds in his release account (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint on or before **November 6, 2017**.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge